**Edward TAYLOR, Appellant-Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 42642.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Edward Taylor, Jefferson City, Robert C. Babione, Leslie D. Edwards, Asst. Public Defenders, St. Louis, for appellant-movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, S. Francis Baldwin, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant Edward Taylor, hereafter "defendant", appeals the post-evidentiary hearing denial of his Rule 27.26 motion to vacate his guilty plea and the 25-year sentence.

At trial, as soon as the prosecuting witness testified defendant pled guilty to sodomy with him, his teenage step-son. The court sentenced defendant to 25 years in prison.

By defendant's motion to vacate, which limits the scope of our review, he contended the trial court erred in denying his motion because (1) defendant was misled by counsel to believe nothing further could be done for him and felt counsel was "abandoning" him, thereby making his plea of guilty involuntary and unintelligent and thus void, and (2) defendant's plea of guilty was uninformed as to the nature of the charge against him in that he was not told its elements, thereby making his plea involuntary and unintelligent, and thus void.

Before trial defendant's wife, mother of the victim, and defendant himself expressed doubt as to whether the boy would testify. Because of this, defense counsel stood by defendant's not guilty plea. But, at trial the boy did testify. To defense counsel it appeared the boy was a good witness, highly competent and had answered all questions directly. At this point defense counsel reconsidered defendant's not guilty plea and told defendant his chance for acquittal was dim. After discussing the situation and options open to the defendant he pled guilty to sodomy.

The guilty plea record shows that before accepting defendant's guilty plea the court had interrogated him at length, producing these admissions: He had discussed with his counsel the nature of the sodomy charge; they had fully discussed the case and he was satisfied counsel knew all the circumstances of the charged crime; counsel had informed him of all aspects of the case, including possible witnesses and defenses; that if he stood trial he could be convicted only by a unanimous verdict finding him guilty beyond a reasonable doubt; he was satisfied his counsel had adequately and competently represented him; and finally that he had committed the act of sodomy charged.

At the Rule 27.26 hearing defendant testified: His counsel never explained the elements of sodomy or the range of punishment; counsel had told defendant he could "beat the case"; after the prosecuting witness had testified, counsel said there wasn't anything he could do at trial and recommended the guilty plea; he felt counsel had lied and abandoned him. Defendant acknowledged seven previous felony convictions.

Trial counsel, Mr. Hugh White, testified that before trial he had discussed with defendant the elements of the charge and the range of punishment; that he then believed the victim might not testify; after the victim did testify, he again talked with defendant and his wife; he told defendant the testimony was extremely dangerous and he should consider a guilty plea; that defendant then decided to do so.

We cannot conclude the denial of defendant's motion to vacate was clearly erroneous. The record fails to support defendant's contention he was uninformed of the nature of the charge against him; it shows he had admitted the charged act of sodomy and that his plea was entered voluntarily and knowingly. Further, the records fail to support defendant's contention his guilty plea was involuntary because trial counsel "abandoned" him; to the contrary it shows

counsel fully explained defendant's option to plead guilty or continue with trial.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.